UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:09-CR-013-TBR

UNITED STATES OF AMERICA,                                                           PLAINTIFF

v.

PAUL LAWRENCE WILLIS, JR.,                                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Paul Lawrence Willis, Jr.'s pro se Motion for Order Regarding Restitution. [R. 43.] The United States ("the Government") responded. [R. 45.] This matter is now ripe for adjudication. For the reasons stated herein, Defendant Willis's Motion for Order Regarding Restitution, [R. 43], is **DENIED**.

On February 18, 2010, the Court sentenced Willis to 240 months imprisonment after Willis pleaded guilty to five counts of armed bank robbery, in violation of 18 U.S.C. § 2113(d), and one count of use of a firearm in commission of a crime, in violation of 18 U.S.C. §924(c). [R. 36 at 2 (Judgment and Commitment Order).] Also, Willis was ordered to pay $55,407.00 in restitution. [*Id*. at 6.] Willis states that he currently owes a remaining balance of roughly $55,000.00, and the BOP has arranged for him to pay $40.00 per month through a payment schedule pursuant to the Inmate Financial Responsibility Program ("IFRP"). [R. 43 (Motion for Order Regarding Restitution).]

As of a letter dated November 1, 2017, Willis requests the Court to "issue an injunction/order to the BOP that [he] will be allowed to begin payment of [his] restitution upon [his] release and obtain gainful employment, or that [he] pay no more than the $6.50 per month that [his] institution job pays [him]." [R. 43.] The Government responds that it appears Willis

used BOP's internal process to resolve this issue after mailing this letter. [R. 45 at 4 (Government Response).] However, the Government argues that, as Willis has not withdrawn this motion, it must fail due to Willis's failure to prove that he exhausted his administrative remedies. [*Id.*]

The Administrative Remedy Program, found at 28 C.F.R. §§ 542.10–.19, lays out the administrative remedies available to inmates confined in BOP institutions. The requirement to exhaust such remedies "is designed to ensure not only that the agency is given the opportunity to review its conclusions short of litigation, but also that the district court is provided a complete record upon which to review the agency's final action." *Hiles v. Zuercher*, No. 7:09-CV-17-KKC, 2009 WL 499099, at *3 (E.D. Ky. Feb. 27, 2009) (citing *Brice v. Day,* 604 F.2d 664 (10th Cir.), *cert. denied,* 444 U.S. 1086, 100 S. Ct. 1045, 62 L.Ed.2d 772 (1980)). Here, Willis does not indicate that he ever attempted to "seek formal review of an issue relating to any aspect of his/her own confinement," specifically, adjusting his IFRP payment schedule. 28 C.F.R. § 542.10. Therefore, the Court must DENY his Motion for Order Regarding Restitution. *See United States v. Wright*, No. 96-80876-3, 2010 WL 4639052, at *1 (E.D. Mich. Nov. 8, 2010) (denying a defendant's motion seeking to alter his restitution payment schedule due to failure to exhaust administrative remedies); *Hiles*, No. 7:09-CV-17-KKC, 2009 WL 499099, at *3 (same); *see also Blackburn v. Cauley*, No. 09-CV-9-HRW, 2009 WL 1119421, at *2-3 (E.D. Ky. April 27, 2009) (finding that the petitioner exhausted the available administrative remedies regarding his IFRP payment schedule when the petitioner appealed to the Warden, the Regional Director of the BOP's Mid-Atlantic Regional Office, and the National Inmate Appeals Administrator).

**CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED**: Defendant Willis's Motion for Order Regarding Restitution, [R. 43], is **DENIED**.

**IT IS SO ORDERED**.

cc: Counsel of Record

Paul Lawrence Willis, Jr., pro se
10845-033
Ashland Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 6001
Ashland, KY 41105

**Thomas B. Russell, Senior Judge
United States District Court**

June 20, 2018